IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY AND SECURITY INSURANCE COMPANY OF HARTFORD as successor in interest to FIRE AND CASUALTY INSURANCE COMPANY OF CONNECTICUT,<br><br>  Plaintiffs,<br>  v.<br><br>ECLIPSE MANUFACTURING CO., M & M RENTAL CENTER, INC., ROBERT HINMAN, and ITALIA FOODS, INC.,<br><br>  Defendants. | Case No. 06 C 4946<br><br>Judge Joan H. Lefkow |

## DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT

NOW COMES Defendants, Italia Foods, Inc. and Robert Hinman, and move this Court for entry of judgment. In support of their motion, Italia and Hinman state as follows:

1. As the Court has noted in its various orders, this is an insurance coverage action for indemnification of a classwide judgment based on five fax blasts sent by Defendant M & M Rental Center, Inc. ("M & M").

2. The fax blasts were sent on (1) June 24, 2002 (Fax #1); (2) September 15, 2003 (Fax #2); (3) November 5, 2003 (Fax #3); (4) October 29, 2004 (Fax #4) and June 23, 2005 (Fax #5).

3. The faxing fell during the policies of three different insurers who issued general liability insurance policies to M & M.

4. Specifically, Faxes #1-3 fell during the periods of two consecutive policies issued by Fire and Casualty Insurance Company of Connecticut, whose successor in interest is Security Insurance Company of Hartford ("Security"). Fax #4 fell during the period of the policy issued

by Maxum Indemnity Company ("Maxum"). Fax #5 fell during the period of the policy issued by First Specialty Insurance Company ("First Specialty").

5. As the Court noted in its October 31, 2013 Order (Dkt. 428), the Underlying Judgment apportioned M & M's damages by fax. Specifically, the Underlying Judgment assessed $685,350 to fax # 1; $643,200 to fax # 2; $626,100 to fax # 3; $1,972,000 to fax # 4; and $1,890,500 to fax # 5. The Underlying Judgment also provided that "[p]ost-judgment interest shall accrue from the date of entry of this Judgment Order," which was October 6, 2009. (Underlying Judgment, attached as Exhibit A, at ¶ P).

6. The Court ruled on January 31, 2012, that First Specialty had no duty to defend or indemnify its portion of the underlying judgment (the $1,890,500 plus interest for Fax #5) (Dkt. 395). In that Order, the Court held that both Security and Maxum had a duty to defend M & M in the Underlying Action, and reserved the question of whether they must indemnify M & M for the Underlying Judgment.

7. The Court further ruled in the January 31, 2012 Order that Maxum and Security must reimburse First Specialty its defense costs incurred in the Underlying Action. The Court found that this sum was $576,207.60 and directed Security and Maxum to reach an agreement as to the apportionment of that sum.

8. The Court ruled on October 31, 2013, that both Security and Maxum have a duty to indemnify M & M for the portions of the Underlying Judgment within their respective policy periods. (Dkt. 428).

9. As noted above, Security is responsible for Faxes #1-3 and Maxum is responsible for Fax #4. Therefore, $1,954,650 plus interest on that amount is attributable to Security and $1,972,000 plus interest is attributable to Maxum.

10. The week preceding the October 6, 2009, Underlying Judgment, the one year constant maturity treasury interest rate was 0.39 percent. *See* http://www.federalreserve.gov/releases/h15/20091005/. This is the applicable postjudgment interest rate on the Underlying Judgment. *See* 28 U.S.C. § 1961.

11. The postjudgment interest on the portion of the Underlying Judgment attributable to Security is $31,286.18 (1498 days (from 10/6/09 to 11/12/13) * $1,954,650 * 0.0039 / 365).

12. The postjudgment interest on the portion of the Underlying Judgment attributable to Maxum is $31,563.89 (1498 days * $1,972,000 * 0.0039 / 365).

13. Therefore, pursuant to the October 31, 2013 Order, Hinman and Italia respectfully request that the Court enter a final judgment order providing that:

    (a) Judgment is entered against Security and in favor of Hinman, Italia, and the Underlying Class in the amount of $1,985,936.18 in partial satisfaction of the Underlying Judgment;

    (b) Judgment is entered against Maxum and in favor of Hinman, Italia, and the Underlying Class in the amount of $2,003,563.89 in partial satisfaction of the Underlying Judgment;

    (c) Judgment is entered in favor of First Specialty and against Defendants;

    (d) Judgment is entered in favor of First Specialty and against Maxum and Security, jointly and severally, in the amount of $576,207.60 as reimbursement for defense costs incurred by First Specialty in the Underlying Action; and

    (e) This is a final and appealable order resolving all claims as to all parties.

A proposed Judgment Order is attached as Exhibit B.

WHEREFORE, for the foregoing reasons, Hinman and Italia respectfully request that this Court enter a final judgment order consistent with the attached proposed order, and for such further relief as the Court deems necessary and proper.

Dated: November 8, 2013

Respectfully submitted,

ROBERT HINMAN and ITALIA FOODS, INC.

s/David M. Oppenheim
One of their Attorneys

Brian J. Wanca
David M. Oppenheim
Jeffrey A. Berman
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
Robert Hatch
BOCK & HATCH, LLC
134 N. LaSalle, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5501

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                 s/David M. Oppenheim